**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 28, 2024

Robert C. McDonald
Adrienne M. McDonald
Silverman McDonald & Friedman
1010 N. Bancroft Parkway
Wilmington, DE 19805

Robert M. Goff
City of Wilmington, Law Department
800 N. French Street, 9th Floor
Wilmington, DE 19801

Re:  *Nicholas Kroll v. City of Wilmington et al.*,
C.A. No. 2019-0969-KSJM

Dear Counsel:

This letter opinion resolves the defendants' April 15, 2024, request for leave to move for summary judgment.[1]

Based on the plaintiff's interrogatory responses, deposition, and expert report, the defendants state that the plaintiff no longer seeks reinstatement.[2] Because the plaintiff's request for reinstatement supplied the basis for this court's jurisdiction, the defendants argue this court now lacks jurisdiction.[3] Accordingly, they wish to renew their jurisdictional arguments made in support of dismissal through a motion for summary judgment.

---

[1] C.A. No. 2019-0969-KSJM, Docket ("Dkt.") 76 (Defs.' Mot. for Leave Ltr.).

[2] *Id.* at 2–4.

[3] *Id.* at 5 (arguing that because the plaintiff's "sought after remedy is a decision or declaration by a court as to whether the City committed legal error in applying the unlawfully modified residency definition in its administrative disciplinary proceedings leading to his termination, as he expressly and repeatedly avers, then a certiorari review of the record of those hearings will suffice, and is precisely what he seeks").

The plaintiff responds that "[t]he issue of jurisdiction has been extensively briefed and argued by the parties," and "a repeat examination as to jurisdiction" on summary judgment is not warranted.[4] I agree.

The plaintiff's position moots aspects of his claim but does not divest this court of jurisdiction. "Once the [c]ourt determines that equitable relief is warranted, even if subsequent events moot all equitable causes of action or if the court ultimately determines that equitable relief is not warranted, the court retains the power to decide the legal features of the claim pursuant to the cleanup doctrine."[5]

Although this court has the discretion to decline jurisdiction and has done so where the judicial officer has had limited involvement with the action,[6] that is not the case here. I have presided over this case since December 2019 and judicial efficiency warrants retaining jurisdiction.[7]

---

[4] Dkt. 78 at 1 (Pl.'s Opp'n Ltr.). I note that the scheduling order gives the party against whom summary judgment is sought the ability to submit a response within five business days after the filing of the letter seeking leave. Dkt. 72 ¶ 2. The plaintiff's response, if he chose to respond, was due April 22, 2024. The plaintiff submitted it on April 30, 2024. I expect that moving forward there will be no further violations of the scheduling order.

[5] *Zebroski v. Progressive Direct Ins. Co.*, 2014 WL 2156984, at *9 (Del. Ch. Apr. 30, 2014) (quoting *Prestancia Mgmt. Gp., Inc. v. Va. Heritage Found., II LLC*, 2005 WL 1364616, at *11 (Del. Ch. May 27, 2005)).

[6] *Id.* (declining to retain jurisdiction under the cleanup doctrine where the court did not make "any factual determinations" central to the legal claim).

[7] *Getty Refining & Mkt. Co. v. Park Oil, Inc.*, 385 A.2d 147, 150 (Del. Ch. 1978) (noting reasons for retaining jurisdiction under the cleanup doctrine include: "to resolve a factual issue which must be determined in the proceedings; to avoid multiplicity of suits; to promote judicial efficiency; to do full justice; to avoid great expense; to afford

Accordingly, the defendants' request for leave to move for summary judgment is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

complete relief in one action; and to overcome insufficient modes of procedure at law" (citations omitted)).